Howard M. Shanker (#015547)
THE SHANKER LAW FIRM, PLC.
700 E. Baseline Road, Bldg. B
Tempe, Arizona 85283
Phone: (480) 838-9300
Facsimile: (480) 838-9433
howard@shankerlaw.net

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| The Save the Peaks Coalition; Kristin Huisinga; Clayson Benally; Sylvan Grey; Don Fanning; Jeneda Benally; Frederica Hall; Berta Benally; Rachel Tso; Lisa Tso, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Forest Service;  Nora Rasure (in her official capacity as Forest Supervisor for the Coconino National Forest), <br><br> Defendants. | Case No. CV 09-08163-PCT-MHM <br><br><br> **PLAINTIFFS' MOTION TO STRIKE PURSUANT TO LOCAL RULE 7.2(m)** |

Notwithstanding the fact that the vast majority of defendants' arguments in this case

have no sound foundation in law or fact,[1] Plaintiffs' Motion to Strike is relatively limited in

---

[1] By way of example, federal defendants assert that plaintiffs "abandoned" the "claim that the Forest Service failed to disseminate quality information" because they did not respond to defendants' arguments.  Fed. Reply at 13.  In support of this proposition, federal defendants cite *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005).  In *Jenkins*, however, the party abandoned a claim when it failed to respond to a motion for summary judgment.  In the instant matter, plaintiffs asserted the claim and provided substantiating evidence in their own motion for summary judgment. i.e. *Jenkins* is inapposite.  Moreover, plaintiffs specifically preserved the claim at issue in their Response to Cross-Motions for Summary Judgment and Reply in Support of Summary Judgment at 24.  Indeed, plaintiffs are not even obligated by local rule to file a reply – they certainly did not abandon a claim by

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ǫTEMPE, AZ 85283
TELEPHONE (480) 838-9300 ǫFACSIMILE (480) 838-9433
howard@shankerlaw.net

its scope.  There are two bases for the instant Motion: (1) defendants improperly reference and attach new (extra record) evidence to their respective Replies – indeed, they attach Reply Statements of Fact that are neither contemplated nor allowed by applicable rules; and (2) defendants' Replies improperly include argument on the substance of the NEPA claim, which is beyond the scope of what was included in defendants' Cross-Motions and plaintiffs' Response thereto.

For these reasons, and those set forth below, defendants' respective Reply Statements of Fact (and all the exhibits included therewith) should be stricken.

Moreover, defendants should not be permitted to get "another bite at the apple" by expanding the content of their previously filed Responses.  The sections of defendants' Replies in Support of their Cross Motions for Summary Judgment that argue the NEPA claims are essentially unauthorized sur-replies that should be stricken.  *See,* Docket # 98, p. 7-15 (Federal Defendants' Argument sections II and III regarding sufficiency of NEPA analysis) and Docket # 99, p. 9-15 (Intervenor-Defendant's Argument sections II and III regarding sufficiency of NEPA analysis).  Whether or not the Forest Service's EIS was adequate was addressed by plaintiffs in their Motion for Summary Judgment and responded to by defendants in their respective Responses to the Motion for Summary Judgment.  Defendants improperly use their respective Replies in Support of their Cross-Motions for

---

not addressing it to the satisfaction of the non-moving party in a reply memorandum.  *See,* LRCiv. 7.2(d) ("The moving party [may file] . . . a reply memorandum if that party so desires.").  There is simply no basis in law or fact for this and many of the arguments asserted by defendants.

- 2 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ¿TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ¿FACSIMILE (480) 838-9433
howard@shankerlaw.net

1   Summary Judgment to raise new NEPA arguments – which are well beyond the scope of

2   what is permissible to include in a Reply.

4                   **MEMORANDUM OF POINTS AND AUTHORITIES**

5           Procedurally, plaintiffs in this case filed a Motion for Summary Judgment including a

6   supporting Statement of Facts as contemplated by Local Rule 56.1.  Defendants each filed a

7   separate Response to Plaintiffs' Motion for Summary Judgment and Cross-Motions for

8   Summary Judgment.  Defendants also filed Responsive Statements of Fact as well as

9   Statements of Fact in Support of their respective Cross-Motions.  Plaintiffs responded to the

10  Cross-Motions and included a Responsive Statement of Facts and Replied in Support of their

11  Motion for Summary Judgment.  Defendants filed the last brief, their Replies in Support of

12  their Cross-Motions for Summary Judgment.  Included with these Reply briefs were

13  additional exhibits and Statements of Fact and argument beyond the scope of the Cross-

14  Motions and the Response thereto.

**A.      Attachment of New Exhibits to a Reply in Support of Summary Judgment
          and/or the Inclusion of a Reply Statement of Facts is Not authorized by a Statute,
          Rule, or Court Order.**

            Local Rule 7.2(m)(1) provides in, pertinent part, that "a motion to strike may be filed .

. . if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or

not authorized) by statute, rule, or court order."  No statute, rule, or order in this case

authorizes the filing of a Reply Statement of Facts.  To the contrary, Local Rule 56.1

expressly requires filing of a separate statement of facts only in an initial motion and in a

PLAINTIFFS' MOTION TO STRIKE                   - 3 -

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ‖TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ‖FACSIMILE (480) 838-9433
howard@shankerlaw.net

response to that motion. *See, e.g., Kinally v. Rogers Corp*., 2008 WL 5272870 (D. Ariz. 2008) ("The Local Rules do not contemplate attaching additional exhibits to replies in support of summary judgments or filing a separate response to the non-moving party's statement of facts. . . . Because Defendant improperly attached additional exhibits to its Reply and filed unauthorized separate Objections, the Court will grant Plaintiffs' Motions to Strike. . ."); *E.E.O.C. v. AutoZone, Inc.,* 2008 WL 2509302 (D. Ariz.) ("[t]he Local Rules do not authorize a separate Statement of Facts in the Reply as they explicitly do for a Response."); *see, also, e.g*., *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond.").

This Court should strike defendants' respective Statements of Fact filed with their Reply briefs (and included exhibits), in their entirety. This Court should also strike all references contained in defendants' Reply briefs to this improperly filed evidence.

**B.     Defendants' Reply Briefs Include Argument that is Beyond the Scope of What is Authorized by a Statute, Rule, or Court Order.**

Portions of defendants' Reply briefs have nothing to do with their own Cross-Motions for Summary Judgment and are solely dedicated to Plaintiffs' Summary Judgment Motion. Such argument is beyond the scope of what is allowed in a Reply and constitutes the filing of an unauthorized sur-Reply. Docket # 98, p. 7-15 (Federal Defendants' Argument sections II

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B 'TEMPE, AZ 85283
TELEPHONE (480) 838-9300 'FACSIMILE (480) 838-9433
howard@shankerlaw.net

and III regarding sufficiency of NEPA analysis) and Docket # 99, p. 9-15 (Intervenor-Defendant's Argument sections II and III regarding sufficiency of NEPA analysis).

Moreover, these specific arguments are raised for the first time in defendants' Reply briefs. *See, e.g., Cal. Pro-Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1188 n. 20 (9th Cir. 2007) ("We need not address this argument because it is raised for the first time in a reply brief."); *National Union Fire Insurance Company of Pittsburgh v. Dassault Falcon Jet Corp.,* 263 Fed.Appx. 604, 607 n.2 (9th Cir. 2008) (same); *Blaisdell v. Rodrigues*, 2010 WL 797056, *6 (D. Ariz. 2010). This Court should strike the NEPA arguments raised in defendants' Replies in Support of their Cross-Motions for Summary Judgment.

## C.    Conclusion

Plaintiffs respectfully move this Court to: (1) strike Intervenor-Defendant Snowbowl's Reply in Support of its Crossmotion for Summary Judgment" pages 9-15, Sections II and III; (2) strike Federal Defendants' Reply in Support of Cross-Motion for Summary Judgment" pages 7-15, Sections II and III; (3) strike Snowbowl's "Statements of Controverting Facts and Additional Facts", and Federal Defendants' "Reply Statement of Facts in Support of Cross-Motion for Summary Judgment;" and (4) strike any reference, contained in defendants' Reply briefs, to improperly included evidence.

Respectfully submitted this 18th day of May, 2010.

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ¶TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ¶FACSIMILE (480) 838-9433
howard@shankerlaw.net

THE SHANKER LAW FIRM, PLC.

By S/Howard M. Shanker
      Howard M. Shanker
      700 East Baseline Road, Bldg. B
      Tempe, Arizona 85283
      Phone: (480) 838-9300
      Facsimile: (480) 838-9433
      howard@shankerlaw.net
      (Attorneys for Plaintiffs)

The foregoing was filed via the CM/ECF system this 18th day of May, 2010 constituting service on the following registered users:

Michael J. O¢Connor
Paul G. Johnson
Jennings, Strouss & Salmon, P.L.C.
The Collier Center, 11th Floor
201 E. Washington Street
Phoenix, AZ 85004-2385
moconnor@jsslaw.com
pjohnson@jsslaw.com
Attorneys for Intervenor-Defendant

Cynthia S. Huber
John P. Tustin
Natural Resources Section
Env. and Natural Resources Division
U.S. Dep¢ of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, D.C. 20044-0663
Cynthia.huber@usdoj.gov
John.tustin@usdoj.gov
Attorneys for Federal Defendant

Michael Johns
Assistant U.S. Attorney
40 N. Central, Suite 1200
Phoenix, AZ 85004-4408
Mike.johns@usdoj.gov
Attorney for Federal Defendant

By: S/Howard M. Shanker

THE SHANKER LAW FIRM, PLC.
700 EAST BASELINE ROAD, BLDG. B ¢ TEMPE, AZ 85283
TELEPHONE (480) 838-9300 ¢ FACSIMILE (480) 838-9433
howard@shankerlaw.net