**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| The Save the Peaks Coalition, et al., | ) | No. CV 09-8163-PCT-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| United States Forest Service, et al.,, | ) | |
| Defendant. | ) | |

Currently pending before the Court are Plaintiffs The Save the Peaks Coalition, Kristin Huisinga, Clayson Benally, Sylvan Grey, Don Fanning, Jeneda Bennally, Frederica Hall, Berta Benally, Rachel Tso, and Lisa Tso's ("Save the Peaks") Motion for Leave to Amend Complaint. (Doc 39). After reviewing the pleadings, the Court issues the following order.

This lawsuit concerns challenges under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 - 4370d to the United States Forest Service's 2005 decision to allow Intervenor-Defendant Arizona Snowbowl Resort Limited Partnership to upgrade its operations by making snow using Class A+ reclaimed wastewater. On July 20, 2010, the Court heard oral argument on the instant motion, along with Cross-Motions for Summary Judgment filed by the Save the Peaks Plaintiffs, (Doc. 74), Intervenor-Defendant Arizona Snowbowl Resort Limited Partnership("the Snowbowl"), (Doc. 88), and Defendants United

1 States Forest Service and Earl Stewart, in his official capacity as Forest Supervisor for the
2 Coconino National Forest ("the Federal Defendants") (Doc. 92).

3 Plaintiffs' Complaint was filed on September 21, 2009. (Doc 1). On December 23,
4 2009, this Court issued its Order Setting Rule 16 Case Management Conference. (Doc. 21).
5 The Order Setting Rule 16 Case Management Conference explicitly required the parties to
6 meet and confer on "whether any party expects to add additional parties to the case or
7 otherwise amend pleadings." (Doc 21 at 2). This Order also noted that "**[t]he Court fully**
8 **intends to enforce the deadlines in the Case Management Order**." (Id. at 4) (emphasis
9 in the original). Pursuant to this order, the parties met and conferred in mid-January of 2010
10 and filed their Joint Case Management Report and Proposed Scheduling Order. (Doc. 23).
11 In the Joint Case Management Report, the parties stipulated that "if Plaintiffs determine that
12 additional parties or amendment to the pleadings are necessary, Plaintiffs shall file a motion
13 with the Court to add additional parties or amend the pleadings no later than **February 12,**
14 **2010**." (Id. at 6) (emphasis in the original).

15 The Court held the Case Management Conference on February 2, 2010, at which all
16 counsel of record participated. (Doc. 27). Shortly thereafter, on February 8, 2010, the Court
17 entered its Scheduling Order and established February 12, 2010, as the deadline for Plaintiffs
18 to move to join parties and amend pleadings. (Doc. 28 at 2). The Scheduling Order also
19 warned the parties that "[t]he Deadlines Are Real: The Court fully intends to enforce the
20 deadlines in the Case Management Order." (Id. at 4).

21 On February 24, 2010, almost two weeks after the Court's deadline passed, more than
22 six months after the filing of the Complaint, Plaintiffs requested leave from the Court to
23 Amend their Complaint to add one additional claim based on the purported existence of
24 significant new information warranting preparation of a Supplemental Environmental Impact
25 Statement by the United States Forest Service. (See Doc. 39).

26 Although Plaintiffs seek to amend their Complaint under Rule 15 of the Federal Rules
27 of Civil Procedure, Rule 15 does not provide the standards by which the Court should
28 consider the Motion. In general, after a responsive pleading has been served, a party "may

- 2 -

1 amend its pleading only with . . . the court's leave. The court should freely give leave when 2 justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether justice requires granting 3 leave to amend, factors to be considered include undue delay, bad faith or dilatory motive, 4 futility of amendment, prejudice to the opposing party; and repeated failure to cure 5 deficiencies by previous amendments. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 6 538 (9th Cir. 1989). However, once the district court has filed a pretrial scheduling order 7 pursuant to Rule 16, as is the case here, the standards of Rule 16 control any future 8 amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

9 In order to seek to modify the Rule 16 Scheduling Order, Plaintiff must show good 10 cause and seek the Court's consent. See Fed. R. Civ. P. 16(b)(4). Good cause generally 11 concerns the diligence of the party seeking the amendment, although prejudice to the party 12 opposing the modification provides an additional reason to deny the motion. Coleman v. 13 Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (citing Johnson 975 F.2d at 609). 14 Good cause exists when a deadline "cannot reasonably be met despite the diligence of the 15 party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). 16 Carelessness is not a reason for a court to grant relief under the Rule. See Johnson, 975 F.2d 17 at 609.

18 The Court must first note that Plaintiffs' Motion solely argued that amendment of the 19 Complaint is warranted under Rule 15. As noted, Rule 15 does not provide the correct legal 20 standard. To the extent Plaintiffs have argued that good cause supports amendment, this 21 position was set forth for the first time in their Reply brief. As the Parties are aware, legal 22 arguments raised for the first time in reply are deemed waived. See United States v. Romm, 23 455 F.3d 990, 997 (9th Cir. 2006); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999). 24 The rule that a moving party must present all of its evidence or raise all of its legal arguments 25 in a substantive brief, rather than in reply, is grounded in the notion of fairness. Each time 26 a moving party is permitted to raise new arguments or present new evidence in reply, absent 27 the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving 28 party is essentially deprived of the opportunity to address these new contentions. Because

1  Plaintiffs did not specifically request that the Court modify its Scheduling Order pursuant to
2  Rule 16 in the corpus of their Motion, failure to seek modification warrants denial of
3  Plaintiffs' Motion, and the Court's inquiry need not go any further. See Johnson, 975 F.2d
4  at 608-09; see also United States Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d
5  1099, 1104 (9th Cir. 1985), superceded by statute on other grounds as recognized in Simpson
6  v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996).

7       Assuming that the Court can even properly consider the good cause arguments set
8  forth in Plaintiffs' Reply brief, nothing in that document adequately explains why the
9  additional claim relating to the alleged failure to consider significant new information was
10 not part of Plaintiffs' original Complaint or part of a timely amendment pursuant to the
11 deadlines in the Scheduling Order. The Record of Decision in this case was issued in
12 February 2005. The litigation that followed in Navajo Nation v. United States Forest Serv.,
13 concluded when the United States Supreme Court denied the petition for writ of certiorari
14 on June 8, 2009.  See Navajo Nation v. United States Forest Serv., 129 S.Ct. 2763 (2009).
15 Plaintiffs' Complaint was filed on September 21, 2009.  No part of Plaintiffs' Reply brief
16 indicates why the information that makes up the new claim was not available to Plaintiffs
17 until sometime after February 12, 2010.  The only reasonable explanation for such delay
18 appears to be a lack a diligence.   In addition, there is no explanation on the part of Plaintiffs
19 as to why, when it became apparent that compliance with the Court's Scheduling Order was
20 impractical, a timely request was not filed with the Court to extend the February 12, 2010
21 deadline. See UC Rest., LLC v. Maricopa County, 2007 U.S. Dist. LEXIS 9349, *10-11 (D.
22 Ariz. Feb. 7, 2007) (Murguia, J.) (citing Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D.
23 Cal 1999)). Such inaction also belies a lack of diligence.

24      After carefully reviewing all relevant documents, the Court is of the firm opinion that
25 Plaintiffs cannot show good cause under the Rule 16 standard, and as such, their attempt at
26 amendment fails.

27      **Accordingly,**

28      **IT IS HEREBY ORDERED** denying Plaintiffs The Save the Peaks Coalition, Kristin

1  Huisinga, Clayson Benally, Sylvan Grey, Don Fanning, Jeneda Bennally, Frederica Hall,
2  Berta Benally, Rachel Tso, and Lisa Tso's ("Save the Peaks") Motion for Leave to Amend
3  Complaint. (Doc 39).

4  DATED this 22nd day of September, 2010.

_____
Mary H. Murguia
United States District Judge