**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Save the Peaks Coalition; Kristin Huisinga; Clayson Benally; Sylvan Grey; Don Fanning; Jeneda Benally; Frederica Hall; Berta Benally; Rachel Tso; Lisa Tso, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. Forest Service; Nora Rasure (in her official capacity as Forest Supervisor for the Coconino National Forest), <br><br> Defendant. <br><br> Arizona Snowbowl Resort Limited Partnership, <br><br> Intevenor Defendant | No. CV 09-8163-PCT-MHM <br><br> **ORDER** |

Currently pending before the Court are Plaintiffs' The Save the Peaks Coalition, Kristin Huisinga, Clayson Benally, Sylvan Grey, Don Fanning, Jeneda Bennally, Frederica Hall, Berta Benally, Rachel Tso, and Lisa Tso's ("Save the Peaks") Motion for a Injunction pending appeal. (Doc 150). After reviewing the pleadings, and having determined that oral argument is unnecessary, the Court issues the following order.

**I.   Background**

This lawsuit concerns challenges under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 - 4370d to the United States Forest Service's 2005 decision

to allow Intervenor-Defendant Arizona Snowbowl Resort Limited Partnership to upgrade its operations by making snow using Class A+ reclaimed wastewater. On December 1, 2010, this Court granted Defendants' motion for summary judgment and denied Plaintiffs' cross motion for summary judgment. (Doc. 142) The Court ruled that the Plaintiffs' claims were barred by the doctrine of laches. The Court also ruled against the Plaintiffs on their NEPA claims, finding that the Forest Service engaged in a reasonably thorough discussion regarding the human health effects of exposure to snow made from reclaimed water including through ingestion. On December 23, 2010, Plaintiffs filed a notice of appeal to the Ninth Circuit. (Doc. 147).

Prior to the ruling, the Plaintiffs had filed a motion for temporary restraining order asking the Court to order Defendants to cease any ground disturbing activity or building of the pipeline and snowmaking infrastructure. (Doc. 11) On July 20, 2010, the Court heard oral argument on that motion, along with the Cross-Motions for Summary Judgment. On July 22, 2010, the Parties lodged a Joint Stipulation, which noted that the Save the Peaks Plaintiffs would be withdrawing their Motion for a Temporary Restraining Order, along with any request for other type of injunctive relief. In exchange, the Snowbowl and the Federal Defendants agreed that there would be no construction of the snowmaking supply pipeline or snowmaking infrastructure, nor any ground-disturbing activity for such, prior to August 30, 2010, but that the Snowbowl may submit the plans to the United States Forest Service for all improvements authorized by the permits and the Forest Service may also conduct all work necessary to review and approve all plans for improvements that are submitted by the Snowbowl, including snowmaking improvements. (See Doc. 120). The stipulation was extended until resolution of the motions for summary judgment.

Plaintiffs have now filed the current motion to stay pending appeal. (Doc. 150) The Plaintiffs seek to cease any construction/ground disturbing activities in furtherance of snowmaking pending a determination of the merits of Plaintiffs' appeal by the Ninth Circuit. In their motion, the Plaintiffs argue that there are significant questions on the merits. They also argue that they will suffer irreparable harm if Snowbowl proceeds to clear trees and

1 build the supply pipeline necessary for snowmaking. In addition, they claim that the public
2 interest tips in their favor because they seek to preserve nature and avoiding irreparable harm
3 to the environment. Plaintiffs also argue that the balance of hardships tips sharply in their
4 favor because they seek to preserve the status quo and that without an injunction the
5 Defendants could destroy the subject matter of this case. The Plaintiffs also state that they
6 are not able to post a bond and argue that because they are acting in the public interest to aid
7 the enforcement of national environmental policy, only a minimal bond if any should be
8 considered.

9 The Court ordered the Defendants to file a response (doc. 155) and the Defendants
10 did so. (Docs. 156, 158) In their responses, the Defendants argue that the Plaintiffs do not
11 meet the standard for an injunction. Specifically, the Defendants argue that there will be no
12 snow made from reclaimed water at Snowbowl until November, 2011 at the earliest and that
13 Plaintiffs' other concerns regarding other impacts do not relate to their ingestion claim. They
14 also argue that the Plaintiffs are not likely to succeed on nor have they presented serious
15 questions regarding the merits of the case. They also argue that the balance of hardships and
16 the public interest weigh in favor of the Defendants because the public interest favors moving
17 forward on this project, citing a number of economic and recreational benefits that will be
18 delayed if snowmaking does not occur by the next ski season. Defendants also assert that
19 the Plaintiffs are required to post a bond, even though they are environmental plaintiffs.

20 On February 16, 2010 the Plaintiffs filed a reply in support of their motion to stay, in
21 which they reiterate many of the same arguments made in the motion to dismiss. (Doc. 159)

22 **II.    Standard**

23 Federal Rule of Civil Procedure 62 (c) provides:"[w]hile an appeal is pending from
24 an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the
25 court may suspend, modify, restore, or grant an injunction on terms for bond or other terms
26 that secure the opposing party's rights." Fed. R. Civ. P. 62(c). In deciding whether to grant
27 an injunction pending appeal, courts apply the standard used when considering a motion for
28 a preliminary injunction. Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir.

1988); Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). An injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v.Armstrong, 520 U.S. 968, 972 (1997)

To obtain an injunction pending appeal, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008); Doe v. Reed, 586 F.3d 671, 676 (9th Cir. 2009).[1]

### III. Discussion

#### A. Plaintiff is Unlikely to Suffer Irreparable Harm

To obtain the stay, Plaintiffs must establish that they will suffer immediate and irreparable harm unless the injunction is granted. Carribbean Marine Serv. co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Having reviewed the injunctive relief issues, the Court finds that Plaintiffs will not be injured, much less irreparably so, by any construction related activity taken in furtherance of snowmaking. While Plaintiffs might be correct in noting that building an almost 15 mile long pipeline will have a potential impact on the environment in general, Plaintiffs' Complaint only concerns whether the NEPA process adequately considered the threat to human health posed by the ingestion of Class A+ reclaimed wastewater. The Complaint is unrelated to the potential environmental harms caused by clearing or construction. Consequently, Plaintiff's request for a stay, insofar as it aims to curb anything except the actual production of and use of snow made from reclaimed water on Snowbowl, is improper. See Lamb Weston, Inc. v. McCain Foods, Ltd, 941 F.2d

---

[1] In the alternative, the moving party may show, "serious questions on merits." McDermott v. Ampersand Pub., LLC, 593 F.3d 950, 965 (9th Cir. 2010). A plaintiff must still establish "a strong showing of irreparable harm" as well as a "sharp tipping of the balance of hardships". Id.

- 4 -

970, 974 (9th Cir. 1991) (injunctive relief must be tailored to the specific harms alleged); Califano v. Yamasaki, 442 U.S. 682, 702 (1979)("injunctive relief should be no more burdensome to the defendants than necessary to provide complete relief to the plaintiffs.") According to the Defendants, actual snowmaking will not occur for almost a year at the earliest. Therefore, Plaintiffs will not suffer immediate irreparable harm if the Court does not issue a stay at this time.

### B. The Balance of Hardships and Public Interest Do not Weigh in Plaintiffs' Favor

The balance of hardships and the public interest, also do not tip strongly in favor the Plaintiffs in this case. The Plaintiffs represent the public interest in the environment and safety as well as an interest in ensuring that the government has engaged in the proper scrutiny before approving projects with a potential environmental impact on public lands. The Plaintiffs also assert that the balance of hardships in this case tips sharply in their favor because they are asking the Court to preserve the status quo pending the appeal and because without an injunction the Defendants "could destroy the subject matter of this case". They allege that the Plaintiffs have raised the prospect of irreparable "environmental, recreational, educational, scientific, historic, cultural and procedural harms." The Defendants, however, also represent an important public interest in moving forward a project with important economic and recreational benefits for the Flagstaff area. Snowbowl has also asserted that it will suffer economic losses and that the community will lose a significant number of potential jobs if the project is delayed and it is unable to make artificial snow another ski season. While it is certainly possible for the public interest and hardship asserted by the Plaintiffs to outweigh those asserted by the Defendants, in this particular case they do not. The hardships and interests the Plaintiffs claim to represent are broad, stemming generally from their concerns about the changes to the environment to be made by Defendants well before they actually produce and dispense snow made from reclaimed water. As such Plaintiffs are wrong, or at least premature, when they state that the Defendants could "destroy the subject matter of this case." The subject matter of this case is whether the Forest Service

1  sufficiently considered the possibility that people would ingest snow made from reclaimed
2  water. Since there is no immediate threat of such ingestion, the public interests represented
3  by and hardships to be borne by the Defendants outweigh those of the Plaintiffs.
4        Because the Court finds that the Plaintiffs fail to establish that they will suffer
5  immediate irreparable harm and that the balance of hardships or public interest tip sharply
6  in their favor, the Court will not address the likelihood of success on (or serious questions
7  concerning) the merits.  See, Network Industries, Inc. v. Aktiengesellschaft, 2011 WL
8  219546 at *2 (S.D. Cal. January 24, 2011) ("it is necessary for a plaintiff to demonstrate each
9  of the four elements for a TRO or a preliminary injunction to issue"); see also, Zopatti v.
10 Rancho Dorado Homeowners Ass'n, 2010 WL 4537814 at *3-4 (S.D. Cal. November 1,
11 2010) ("Because the Court finds Plaintiff has failed to establish a likelihood of irreparable
12 harm, it does not address the remaining three elements").
13       Accordingly,
14       **IT IS HEREBY ORDERED** denying Plaintiffs' motion for injunction pending
15 appeal. (Doc. 150).
16       **IT IS FURTHER ORDERED** denying the parties' request for oral argument.
17       DATED this 18th day of February, 2011.

_____
Mary H. Murgula
United States District Judge

- 6 -